THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FELIX M. VELAZQUEZ-MALAVE

    Petitioner,

    v

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-1493 (ADC)
[Related to Crim. Nos. 13-426,
15-540 (ADC)]

## OPINION AND ORDER

Petitioner Félix M. Velázquez-Malavé ("Velázquez" or "petitioner") filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, an amended 2255 motion and several supplemental filings. **ECF Nos. 1, 5, 6, 8, 10, 11.**  The government filed an opposition. **ECF No. 22**. For the reasons explained below, the Court **DENIES** the petition and petitioner's claims are **DISMISSED with prejudice.**

I.    **Background**

On September 4, 2013, a Grand Jury returned a two-count Superseding Indictment charging petitioner and ten other defendants with conspiracy to possess with intent to distribute and distribution of a controlled substances (Count One) and possession of firearms in furtherance of a drug trafficking crime (Count Two). **Crim. No. 13-426-11, ECF No. 74**. Petitioner remained a fugitive until his arrest on January 2, 2014. *See id.* at **ECF Nos. 206, 207**. At the time of his arrest, Puerto Rico Police officers seized from him heroin, marihuana and a loaded Glock pistol with fifteen rounds of ammunition. *See id. at* **ECF No. 396**.

On August 26, 2015, a one-count Information was filed in Criminal Case 15-540, charging petitioner with possessing with intent to distribute heroin. **Crim. No. 15-540 (ADC), ECF No. 2**. That same day, the parties filed a Plea Agreement wherein petitioner agreed to plead guilty to Count Two of the Superseding Indictment and Count One of the Information; the parties agreed the government would dismiss Count One of the Superseding Indictment. **Crim. No. 15-540 (ADC), ECF No. 4.** The parties further stipulated that petitioner possessed with intent to distribute at least 80 grams, but less than 100 grams of heroin.

On November 30, 2015, petitioner was sentenced to 114 months as to Count Two and 37 months as to Count One of the Information, to be served consecutively, as recommended by the parties within the Plea Agreement. **Crim. No. 15-540 (ADC), ECF No. 13.** On December 11, 2015, petitioner filed a notice of appeal which he later voluntarily dismissed. **Appeal No. 16-1031**.

## II.   Legal Standard

The Court liberally construes *pro se* petitions, though "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

(citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). The prejudice requirement, meanwhile, necessitates a demonstration of "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation and internal quotation marks omitted). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). However, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper v. Spencer*, 510 F.3d 32, 29 (1st Cir. 2007). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

### III.   Analysis

A. *Original habeas petition*

Via his first timely motion, petitioner seeks relief under section 2255, asserting that counsel was ineffective during pre-sentencing and sentencing by failing to object to the Pre-Sentence Report ("PSR"), and by not raising arguments based on Amendments 790 (drug quantity) and 794 (role in the offense) to the U.S. Sentencing Guidelines (USSG), which came into effect on November 1, 2015, approximately a month prior to his sentencing. **ECF No. 1**.

According to petitioner, he would have received a more favorable sentence had his counsel duly objected to the PSR which was drafted based upon the 2014 Sentencing Guidelines. *Id*.

As the government points out, petitioner does not request to have his guilty plea vacated nor contends that but for counsel's alleged errors he would not have pleaded guilty. **ECF No. 22**. Instead, he proffers that but for counsel's errors, he would have been sentenced to a lower term. Petitioner's allegations, however, are misplaced.

A review of the record shows that petitioner stipulated to possessing with intent to distribute at least 80 grams, but less than 100 grams of heroin. **Crim. No. 15-540, ECF No. 4**. Furthermore, during petitioner's sentencing hearing, the Court expressly applied the November 1, 2015 edition of the USSG, not the 2014 USSG as petitioner proffers. *See* **Crim. No. 13-426, ECF No. 486** at 12. This clearly defeats any prejudice argument. Nonetheless, as the government correctly notes, neither Amendment 790 nor 794 were relevant to petitioner's sentencing.

Amendment 790 to Section 1B1.3(a)(1)(B) of the USSG made certain revisions to the sentencing guidelines applicable "to clarify the use of relevant conduct in offenses involving multiple participants," and establishing a three-step analysis for the court to determine whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity.[1] Petitioner hints at the possibility that an application of the three step analysis would have

---

[1] Section 1B1.3, as modified by Amendment 790, defines "relevant conduct," in the case of a jointly undertaken criminal activity, to include all acts or omissions that were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *See* U.S.S.G. § 1B1.3(a)(1)(B) (2015).

rendered a lower sentencing range. He does not however provide any developed argument showing how Amendment 790 would have yielded a more favorable guideline range. As the government correctly notes, at sentencing for his conviction under Count One of the Information (§841(a)(1) & (b)(1)(C)) petitioner was sentenced pursuant to the 2015 USSG and only held responsible for the drugs that he admittedly possessed when arrested as a fugitive for the overall conspiracy; he was not held accountable for the total amount of drugs distributed during the span of the drug conspiracy. *See* **Crim. No. 13-426, ECF No. 486** at 12. Therefore, any objections by counsel under Amendment 790 would have been futile.

Amendment 794 amended the commentary to U.S.S.G. § 3B1.2, which provides for a downward adjustment to the offense level provided defendant's minor or minimal role in the criminal activity by providing "additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). Essentially, it added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2. In this regard, the record shows petitioner, nevertheless, was the sole defendant charged in the Information, precluding the applicability of a minor role reduction. The guideline is not applicable "unless more than one participant was involved in the offense." USSG § 3B1.2, cmt. n.1 (2016). Therefore, Amendment 794 was not applicable to petitioner's case and trial counsel cannot be deemed ineffective for not raising such argument.

As it pertains to petitioner's 924(c)(1)(a) conviction, the USSG expressly provides that Amendment 794 is inapplicable to offenses under 924(c). *See* USSG §2K2.4(b). Specifically,

Section 2K2.4(b) of the USSG provides that for a defendant convicted of violating section 924(c), "the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four [of the USSG] shall not apply to that count of conviction." Indeed, this Court has noted that "convictions under § 924(c) are not typical guidelines cases." *United States v. González-Román*, 115 F. Supp. 3d 271, 280 (D.P.R. 2015). There is no question that the guideline sentence in this case was the statutory minimum sentence of 60 months. Consequently, petitioner could not have been sentenced to a lesser term for his conviction on Count Two of the Superseding Indictment. The Plea Agreement recommended such statutory minimum and petitioner was sentenced to 60 months as recommended. Consequently, petitioner's claims that application of Amendments 790 and 794 would have somehow led to a lower sentence lacks merit. Since trial counsel cannot be deemed ineffective for failing to pursue meritless arguments, petitioner's claims fail. *Strickland*, 466 U.S. at 689-90.

Likewise, the Court agrees with the government's contention that to the extent that petitioner's claims are premised on the unreasonableness of his sentence or misapplication of the Sentencing Guidelines, such challenges are not cognizable on a 2255 motion. It is well settled that "a motion under § 2255 is not a substitute for direct appeal and presents a higher standard that a petitioner must clear to bring a claim." *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 42 (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court only "upon the ground that the sentence was imposed in violation of the Constitution or laws

of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack..."

Non-constitutional claims, such as clarifying amendments to the Sentencing Guidelines,

"can be raised on collateral review only when the alleged error constitutes a 'fundamental defect

which inherently results in a complete miscarriage of justice [or] an omission inconsistent with

the rudimentary demands of fair procedure.'" *Burke v. United States*, 152 F.3d 1329 (11th Cir.

1998) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Under the longstanding 'procedural default' rule, '[a] nonconstitutional claim that could

have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255

absent exceptional circumstances.'" *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013) (citing

*Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994); *see also United States v. Frady*, 456 U.S. 152,

167-68 (1982). Thus, when a defendant has procedurally defaulted a claim by failing to raise it

on direct review, the claim may be raised in habeas only if the defendant can show both (1)

"cause" for having procedurally defaulted his claim; and (2) "actual prejudice" resulting from

the alleged error.[2] *Frady*, 456 U.S. at 167-68; *Bousley v. United States*, 523 U.S. 614, 622 (1998)

---

[2] In this context, cause to excuse a procedural default depends on "petitioner's ability to show that some objective factor external to the defense impeded compliance with the procedural rules", such as "that the factual or legal basis for a claim was not reasonably available to counsel or that interference by some officials made compliance with the procedural rules impracticable." *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 42 (D.PR. 2006) (citing *Strickler v. Greene*, 527 U.S. 263, 283, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). Additionally, to establish prejudice, petitioner must "show a reasonable probability that the result of the trial would have been different had the claimed errors, which were procedurally defaulted, not occurred." *Id.* (citing *Strickler*, 527 U.S. at 289-90). As the Supreme Court described,

(citations omitted); Reed v. Farley, 512 U.S. 339, 358 (1994); *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011). This is certainly a heavy burden.

Here, petitioner has failed to argue either cause or prejudice. Consequently, he could only obtain collateral review of his constitutional claim by demonstrating that the constitutional error "has probably resulted in the conviction of one who is actually innocent," which has been construed as factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623. To establish actual innocence, petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (quotations and citation omitted)). A review of the record shows that petitioner makes no allegation or argument of actual innocence. Consequently, even viewing the viability of petitioner's claims for a reduction of sentence pursuant to Amendments 790 and 794 outside of the ineffective assistance of counsel scope, this Court would find that they are procedurally defaulted.

B. *Amended habeas petition*

Fifteen months after his initial filing, on May 11, 2018, petitioner requested leave to amend his 2255 petition. **ECF No. 5**. On May 16, 2018, petitioner filed an amended 2255 motion restating his ineffective assistance of counsel claims relating to counsel's failure to argue for the applicability of Amendments 790 and 794 and including a new ineffective assistance claim

---

"the resulting prejudice must create an actual and substantial disadvantage, infecting [the petitioner's] entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

alleging that his counsel was ineffective for failing to raise an argument pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017). **ECF No. 6**. Petitioner further incorporated constitutional claims, namely, that 18 U.S.C. §924(c)(1)(A) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Dimaya v. United States*, 138 S. Ct. 1204 (2018). According to petitioner, §924(c)(1)(A) does not establish that a sentence under said statute must be served consecutively to other sentences. Five months later, petitioner filed three supplemental motions citing case law purportedly in support of his constitutional claims. **ECF Nos. 8, 10, 11**.

In opposition, the government contends that petitioner's amended habeas incorporates three claims that were never raised in the original petition – under *Johnson, Dimaya* and *Dean* -, which do not satisfy Fed. R. Civ. P. 15(c)'s "relate back" standard and are thus time-barred. **ECF No. 22**. It further argues that *Dean* – decided in 2015 - is not retroactively applicable on collateral review[3], and *Johnson* and *Dimaya* are inapplicable in this case since petitioner was sentenced under the "drug trafficking prong" of §924(c) which does not contain a residual clause. The government posits that petitioner fails to include any developed arguments to show that §924(c) is unconstitutionally vague. Lastly, it notes that contrary to petitioner's assertions, §924(c) clearly provides that sentences imposed under such statute may not run concurrently with other state and federal sentences.

---

[3] The government posits that *Dean* simply altered the factors courts may consider when sentencing a defendant on a §924(c) predicate offense, therefore it did not announce a new substantive rule and as a result does not apply retroactively. **ECF No. 22** at 14-15. Alternatively, they argue that even if *Dean* applied retroactively, petitioner has not shown it would have rendered a different outcome in this case.

1.  *Timeliness of the amended petition*

It is well settled that Title 28 of United States Code § 2255 (f) establishes a one-year period of limitations for motions under § 2255. The 1-year limitation period shall run, among others, from the latest of: "the date on which the judgment of conviction becomes final", or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."28 U.S.C. §2255(f)(1) & (3).

Also, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. If a habeas petitioner attempts to amend a petition after the statute of limitations has expired, the amendment relates back to the original pleading if the requirements of Rule 15(c) of the Federal Rules of Civil Procedure are met.[4] *Coneo-Guerrero v. United States*, 142 F. Supp. 2d 170, 182 (D.P.R. 2001) (citations omitted). This Court has held that amended claims do not relate back for purposes of Rule 15(c) merely because they arise from the same sentencing proceeding as the original motion. *Id*. Instead, "[a]n amendment to a habeas petition may relate back to the date of the original petition only if 'the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" *Id*. (citations omitted).

---

[4] Rule 15(c) provides: "an amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

Since petitioner's claims pursuant to *Johnson, Dimaya* and *Dean* are new, unrelated theories to his original habeas petition, they do not relate back to the filing date of his original 2255 petition. Insofar as *Johnson* was decided on June 26, 2015, petitioner's claim on these grounds filed via the May 2018 amended complaint, is untimely. Likewise, even if *Dean* applied retroactively (which as will be discussed below it does not), the case was decided on April 3, 2017, rendering petitioner's amended petition untimely as well as to this claim.[5] As such, petitioner's claims under *Johnson* and *Dean* are time-barred and must be dismissed.[6]

2.  *Dean's does not apply retroactively on collateral review*

In *Dean*, the Supreme Court held that a sentencing court may consider the separate mandatory minimum sentence required by § 924(c) when sentencing a defendant for the predicate offense. *Dean* was decided on April 3, 2017, well after petitioner's 2015 conviction. Therefore, it would only be relevant to petitioner if the new rule applied retroactively. The Supreme Court has held that when one of its decisions "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351

---

[5] When habeas relief is sought pursuant to a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. §2255(f)(3) requires a petitioner to file his 2255 motion 1 year from the date on which the right asserted was initially recognized by the Supreme Court.

[6] Petitioner's claim under *Dimaya* is not time-barred since the case was decided on April 17, 2018. It is, however, inapplicable to this case.

(2004). New substantive rules of constitutional nature generally apply retroactively while procedural rules do not necessarily do so.[7] *Id.*

A new rule "is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Welch v. United States*, 136 S. Ct. 1257, 1264-1265 (2016) (citing *Schriro v. Summerlin*, 542 U. S. 348, 353 (2004)). These are retroactive because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him. *Schriro*, 542 U.S. at 352 (citing *Bousley*, 523 U.S. at 620). In contrast, procedural rules "regulate only the manner of determining the defendant's culpability," altering "the range of permissible methods for determining whether a defendant's conduct is punishable." *Schriro*, 542 U. S. at 353.

The First Circuit has not expressly addressed whether *Dean* applies retroactively. Based on the Supreme Court's reasoning for determining the retroactive application of new rules on collateral review, sister circuits have, however, found that it does not. *See García v. United States*, 923 F.3d 1242, 1245 (9th Cir. 2019); *Harper v. United States*, 792 Fed. Appx. 385, 394 (6th Cir. 2019) (finding that *Dean* is not a substantive rule or a watershed rule of criminal procedure, therefore it does not apply retroactively to cases on collateral review); *In re Wayman*, 2018 U.S. App. LEXIS 12087, *5 (11th Cir. 2018). In *García*, the Ninth Circuit rejected petitioner's contention that *Dean*

---

[7] The Supreme Court noted that they "give retroactive effect to only a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (internal citations omitted). "The rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" *Id.*

applied retroactively since "*Dean*'s rule is permissive, not mandatory" insofar as it states that "[w]hen sentencing a defendant for a predicate offense, a court may, but need not, consider the separate mandatory minimum sentence required by § 924(c)." *García*, 923 F.3d at 1245 (citing *Dean*, 137 S. Ct. at 1177). Therefore, the appeals court reasoned, *Dean* does not "'forbid[] criminal punishment of certain primary conduct' or 'prohibit[] a certain category of punishment for a class of defendants because of their status or offense.'" *Id.* (citing *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016) (quotations omitted). Furthermore, the Supreme Court did not expressly make *Dean*'s rule retroactive. *Id.*

Aside from general assertions regarding *Dean's* purported impact on his sentencing, petitioner has failed to show that the Supreme Court made *Dean* retroactive to cases on collateral review and case law shows otherwise. *See García*, 923 F.3d at 1246. Consequently, having been convicted prior to the Supreme Court's decision, *Dean* is not available to petitioner on collateral review.

    3. *Constitutionality of §924(c)*

Citing *Johnson* and *Dimaya*, petitioner contends that his conviction under §924(c)(1)(A) is void because such statute is unconstitutionally vague. **ECF No. 6** at 6. He does not, however, provide any developed arguments on this point. It is well settled that arguments raised in a perfunctory manner in a section 2255, with no attempt or effort to develop argumentation, are deemed waived. *See Rivera-Orta v. United States*, 243 F. Supp. 3d 202, 207 (D.P.R. 2017) (citing *Cody v. United States*, 249 F.3d 47, 53 n. 6 (1st Cir. 2001); *United States v. Zannino*, 895 F.2d 1, 17

(1st Cir. 1990)). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones…'Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.'" *Zannino*, 895 F.2d at 17. Since petitioner's constitutional arguments are wholly undeveloped and unsubstantiated, this Court ordinarily need not delve any further. Because petitioner is *pro se*, however, we construe his pleading more favorably than those drafted by an attorney.

Even so, the Court notes that timeliness issues aside, *Johnson* and *Dimaya* are inapposite here. Under *Johnson*, the Supreme Court deemed as unconstitutionally vague the residual clause that forms a part of the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Afterwards, in *Dimaya*, the Supreme Court held that pursuant to *Johnson*, the residual clause of the definition of crime of violence under 18 U.S.C. § 16(b) was also unconstitutionally vague as incorporated into the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(F).

Petitioner was not convicted under the ACCA or the INA. His conviction for possession of a firearm and ammunition under 18 U.S.C. § 924(c)(1)(A) is predicated on a drug trafficking crime, not a "crime of violence." *See Torres-Cruz v. United States*, Civil No. 16-2336, 2019 U.S. Dist. LEXIS 116627, *3 (D.P.R. July 11, 2019); *Jones v. United States*, Nos. 1:07-CR-25-HSM-SKL-1; 1:12-CV-94-HSM, 2017 U.S. Dist. LEXIS 18931, *53 (E.D. Tn. February 10, 2017) ("the drug offense underlying Petitioner's § 924(c) charge involved a violation of the Controlled Substances Act,

and thus the Johnson decision does not provide a basis for relief"). Additionally, 18 U.S.C. § 924(c)(1)(A) does not contain a residual clause similar to the type found unconstitutional in *Johnson* or *Dimaya*. *See Cabrera v. United States*, Civil No. 18-1348, 2020 U.S. Dist. LEXIS 38491, *2 (D.P.R. February 28, 2020); *Grant v. United States*, No. 1:16CV144, 2017 U.S. Dist. LEXIS 214881, *3 (N.D. W. Va. October 4, 2017) ("The definition of a drug trafficking crime does not contain the language of the residual clause invalidated in Johnson…Therefore, Johnson is simply inapplicable"); *Eldridge v. United States*, No. 16-cv-3173, 2016 U.S. Dist. LEXIS 99882, *6 (D. Ill. July 29, 2016) (collecting cases). Consequently, petitioner's claims under *Johnson* and *Dimaya* irremediably fail.

Petitioner also proffers that §924(c) is unconstitutionally vague because it fails to provide notice that sentences under the statute may not run concurrently with other sentences. This is simply not true. §924(c)(1)(D)(ii) states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." Therefore, the statute's plain language clearly provides that sentences imposed under such statute may not run concurrently with other state and federal sentences, defeating petitioner's vagueness argument.

Finally, in his original motion, petitioner requests an evidentiary hearing. **ECF No. 1.** However, there is no automatic right to an evidentiary hearing on a section 2255 petition. *See Cody v. United States*, 249 F.3d 47, 54 (1st Cir. 2001). A hearing is unnecessary "when the section

2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a §2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993) (citations omitted). For the reasons discussed above, this Court finds that a hearing is not warranted in this case.

IV.    **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner has not demonstrated that his defense counsel's alleged ineffective assistance caused him any prejudice that would warrant habeas relief, the Court finds that petitioner is not entitled to a COA.

Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's *Johnson* claims should be denied as untimely. Therefore, a COA is **DENIED**.

**V.     Conclusion**

Based on the above, Velázquez's petition is **DENIED** (**ECF Nos. 1, 5, 6, 8, 10, 11**) and his claims are **DISMISSED with prejudice.**  The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of June, 2020.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**